# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEVON COOPER,<br><br>          Petitioner,<br><br>   v.<br><br>WILLIAM GITTERE, et al.,<br><br>          Respondents. | Case No. 3:20-cv-00395-LRH-WGC<br><br>**ORDER** |

Petitioner has paid the filing fee. ECF No. 4. The court has reviewed the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will serve the petition upon respondents for a response.

IT THEREFORE IS ORDERED that the clerk file the petition for a writ of habeas corpus, currently in the docket at ECF No. 1-1.

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk electronically serve the Attorney General of the State of Nevada a copy of the petition and a copy of this order.

IT FURTHER IS ORDERED that respondents shall file a response to the petition, including potentially by motion to dismiss, within sixty (60) days of entry of this order and that petitioner may file a reply within thirty (30) days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

1        IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the
2   petition shall be raised together in a single consolidated motion to dismiss.  In other words, the
3   court does not wish to address any procedural defenses raised herein either in serial fashion in
4   multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted
5   from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a
6   response in this case that consolidates their procedural defenses, if any, with their response on the
7   merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking
8   merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall
9   do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct
10  their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406
11  F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be
12  included with the merits in an answer.  All procedural defenses, including exhaustion, instead
13  must be raised by motion to dismiss.

14       IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall
15  specifically cite to and address the applicable state court written decision and state court record
16  materials, if any, regarding each claim within the response as to that claim.

17       IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies
18  of any electronically filed exhibits need not be provided to chambers or to the staff attorney,
19  unless later directed by the court.

20       DATED this 7th day of July, 2020.

                                              _____
                                              LARRY R. HICKS
                                              UNITED STATES DISTRICT JUDGE