# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEVON COOPER,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM GITTERE, et al.,<br><br>    Respondents. | Case No. 3:20-cv-00395-LRH-WGC<br><br>**ORDER** |

**I.    Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the court is respondents' motion to dismiss (ECF No. 8). Petitioner Cooper has filed an opposition (ECF No. 15), and respondents have filed a reply (ECF No. 16). The court finds that Cooper has not exhausted his state-court remedies for two grounds in his petition (ECF No. 6). The court rejects Cooper's request to stay this action while he exhausts his state-court remedies.

**II.    Procedural History**

The procedural history is complicated. It involves four criminal cases in the Eighth Judicial District Court of the State of Nevada, Case Nos. C278067, C281169, C281312, and C281170, which is the instant case. Three attorneys represented Cooper in the four cases. Two global plea agreements, one which failed and one which Cooper accepted, were at issue.

On December 19, 2011, in Case No. C278067, Cooper agreed to plead guilty to one count of possession of a stolen vehicle. He also agreed to be treated as a "small" habitual criminal under Nev. Rev. Stat. § 207.010(1)(a). The stipulated prison term would been a minimum term of 5 years and a maximum term of 12 1/2 years. However, the stipulated prison sentence would have a minimum term of 8 years and a maximum term of 20 years if Cooper failed to appear at

sentencing or failed to stay out of trouble. Ex. 6 (ECF No. 9-6). At all times relevant to this action, Jonathan Powell represented Cooper in Case No. C278067.

Cooper failed to stay out of trouble. In May 2012, the grand jury indicted him in the three other cases, Case Nos. C281169, C281312, and C281170. Exs. 8, 10, 12 (ECF No. 9-8, 9-10, 9-12). Claudia Romney initially represented Cooper in the criminal case at issue in this action, C281170.[1]

On February 27, 2013, Cooper filed a proper-person motion to withdraw his guilty plea in Case No. C278067. Ex. 23 (ECF No. 9-23). At a hearing on March 25, 2013, the prosecutor stated for the record that she had offered a plea agreement for all four cases. Ex. 25 at 4-5 (ECF No. 9-25 at 5-6). She extended the deadline until 5:00 p.m. on March 26, 2013, so that all three of Cooper's attorneys had the opportunity to speak with Cooper. Id. at 5 (ECF No. 9-25 at 6). At the next hearing, on March 27, 2013, Cooper withdrew his motion to withdraw his plea in Case No. C278067. Ex. 26 at 2 (ECF No. 9-26 at 3). Powell related that Cooper did not want to accept the global plea offer because he did not feel like he had enough knowledge of the other three cases. Id. Powell stated that he hoped that the prosecutor would keep the global plea offer open. Id. at 2-3 (ECF No. 9-26 at 3-4). The prosecutor stated that she had not yet made a decision, and that she would speak with Romney. Id. at 3 (ECF No. 9-26 at 4).

In any event, this first attempt at a plea agreement failed. The state district court sentenced Cooper in Case No. C278067 on August 13, 2013. In accordance with the stipulation for Cooper failing to stay out of trouble or failing to appear at sentencing, the state district court adjudicated Cooper as a "small" habitual criminal and sentenced him to prison for a minimum term of 8 years and a maximum term of 20 years. Ex. 27 (ECF No. 9-27). A later amended judgment adjusted the credits for time served. Ex. 33 (ECF No. 9-33).

On November 4, 2013, Cooper and the prosecution came to a global plea agreement for the three remaining cases, Case Nos. C281169, C281312, and C281170. Ex. 31 (ECF No. 9-31). In Case No. C281170, Cooper agreed to plead guilty to one count of possession of a stolen

---

[1] Romney also represented Cooper in Case No. C281169, and Scott Eichhorn represented Cooper in Case No. C281312.

2

vehicle and one count of failure to stop on the signal of the police officer. The written agreement contained an error. It stated that failure to stop was a category C felony, when it is a category B felony. The trial judge corrected the error by interlineation. Ex. 32 at 2 (ECF No. 9-32 at 3). In any event, Cooper stipulated to treatment as a "large" habitual criminal, a category A felony, and to be sentenced to life imprisonment with parole eligibility starting after a minimum of 10 years. Ex. 31 at 1; see also Nev. Rev. Stat. § 207.010(1)(b). The prosecution had no opposition to Cooper serving all the sentences across all three cases concurrently and concurrently with the sentence in C278067. Ex 31 at 1-2 (ECF No. 9-32 at 2-3). At the change-of-plea hearing, before the formal canvass, Cooper, Romney, the prosecutor, and the court discussed Cooper's desire to be placed in a minimum-security camp. The discussion ended with this exchange

> THE COURT: Okay. So we talked about the whole camp thing, that's not something that's—I just want to make sure I understand this and the record is clear, you're not saying that the only reason you're going through with this is because of the—because of—you're hoping to get into camp, right? Even if—let's say you go up there and you, for whatever reason, you can't get into camp because of something you did or because the Parole Board decides you're not eligible or they're full or something like that—
>
> THE DEFENDANT: Well, if that's the case, then that's the case. But—
>
> THE COURT: Right, but you're not going to—you're not going to come back here and say, Hey, oh, that was the whole point of this deal, right? Do you understand that?
>
> THE DEFENDANT: Yeah.

Ex. 32 at 9 (ECF No. 9-32 at 10).

Cooper went back there and said that camp was the whole point of this deal. On January 23, 2014, at what should have been the sentencing hearing, Romney related that Cooper learned from his prison caseworker that he was ineligible for camp because failure to stop on the signal of a police officer was a category B felony. Ex. 35 (ECF No. 9-35). Cooper then asked to withdraw his plea because, among other reasons, he believed that Romney misled him about his eligibility for camp. The trial court later removed Romney from representation of Cooper and appointed Michael Pandullo to litigate a motion to withdraw the guilty plea. Ex. 36 at 7 (ECF No. 9-36 at 8). Cooper filed that motion on May 1, 2014. Ex. 39 (ECF No. 9-39). The trial court held a hearing, denied the motion, and convicted and sentenced Cooper. Ex. 42 (ECF No. 10-2).

3

Cooper appealed. The state district court had denied the motion because it found that Cooper had entered his plea knowingly, voluntarily, and intelligently. Ex. 64 at 1 (ECF No. 10-24 at 2). While Cooper's appeal was pending, the Nevada Supreme Court disavowed any language in its prior cases that suggested that the only question in considering a plea-withdrawal motion was whether the plea was entered knowingly, voluntarily, and intelligently. It clarified that a state district court may grant a plea-withdrawal motion for any reason where permitting withdrawal would be fair and just. Id. (citing Stevenson v. State, 354 P.3d 1277 (Nev. 2015). The Nevada Supreme Court thus vacated the judgment and remanded for the state district court to reconsider the plea-withdrawal motion under Stevenson. Ex. 64 at 1-2 (ECF No. 10-24 at 2-3).

On remand, the state district court held another hearing on the plea-withdrawal motion. It held that sentencing Cooper on the plea agreement was not unfair or unjust, and it denied the motion. Ex. 69 at 9-10 (ECF No. 10-29 at 10-11). The state district court entered a new judgment of conviction. Ex. 70 (ECF No. 10-30).

Cooper appealed again. The Nevada Supreme Court transferred the case to the Nevada Court of Appeals, which affirmed. Ex. 91 (ECF No. 11-6).

Cooper then filed a post-conviction habeas corpus petition in the state district court. Ex. 98 (ECF No. 11-13). The state district court appointed Waleed Zaman to represent Cooper. Cooper then filed a counseled supplement. Ex. 105 (ECF No. 11-20).

At the same time, Cooper was pursuing post-conviction relief in Case No. C281312. The two cases were in different departments, with different judges presiding. Cooper claimed in that case that Romney provided ineffective assistance for failing to communicate with him about the first global plea offer. The state district court initially denied the petition because Romney did not represent Cooper in Case No. C281312, and Cooper would need to raise his claim in one of the cases in which Romney represented Cooper. See Cooper v. State, 405 P.3d 103 (table disposition), 2017 WL 5499245 (Nev. Nov. 15, 2017). The Nevada Supreme Court noted that challenging Romney's performance in another case would not adequately protect Cooper's right to effective assistance of counsel, because acceptance of the first global plea offer would have

resulted in the dismissal of Case No. C281312.  Id.  The Nevada Supreme Court thus reversed the denial and remanded the case back to the state district court.  Id.

The state district court held an evidentiary hearing in Case No. C281312.  The judge in Case No. C281170 had stated a preference to review the evidentiary hearing in Case No. C281312, instead of holding a largely identical second hearing.  The judge in Case No. C281312 thus allowed Zaman to ask questions in the hearing.  Ex. 108 (ECF No. 11-23).  The state district court denied the petition in Case No. C281312.  Ex. 109 (ECF No. 11-24).  Cooper appealed, and the Nevada Supreme Court affirmed.  Ex. 128 (ECF No. 11-43).

After reviewing the transcript and considering the argument of the parties, the state district court in Case No. C281170 denied the petition.  Ex. 112 (ECF No. 11-27).  Cooper appealed.  He filed an opening brief and a reply brief.  Exs. 123, 127 (ECF Nos. 11-38, 11-42).  The Nevada Supreme Court affirmed.  Ex. 129 (ECF No. 11-44).

## III. Legal Standards

### A. Exhaustion of State-Court Remedies

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims.  In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law."  Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional

principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

### B. Ineffective Assistance of Counsel

"[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

## IV. Discussion

### A. Ground 1 Is Not Exhausted

In Ground 1, Cooper claims that appellate counsel Michael Pandullo, incorrectly named as "Michael Pollard," provided ineffective assistance. Cooper alleges that the prosecution made its first global plea offer. Cooper then alleges that Romney failed to communicate or discuss the first global plea offer with Cooper, but nonetheless Cooper accepted the offer by performance when he abandoned his motion to withdraw his plea in Case No. C278067. Cooper argues that Pandullo failed to argue on direct appeal that Cooper had accepted the first global plea offer and that the prosecution had failed to honor the offer.

Respondents argue that Cooper has not presented this claim to the Nevada Supreme Court. The court agrees. The opening brief in Cooper's first direct appeal has no claim of ineffective assistance of appellate counsel. See Ex. 56 (ECF No. 10-16). The opening brief in Cooper's second direct appeal has no claim of ineffective assistance of appellate counsel. See Ex. 84 (ECF No. 10-44). Nor would the court expect Pandullo to argue his own ineffectiveness in failing to raise a claim; he simply could have raised the claim itself. The opening brief in Cooper's post-

conviction appeal also has no claim of ineffective assistance of appellate counsel. See Ex. 123 (ECF No. 11-38).

Cooper does not persuade the court that he raised the claim in his post-conviction appeal, and that the Nevada Supreme Court addressed the claim. In that appeal, he argued that trial counsel Romney failed to communicate the plea offer to him. Ex. 123 (ECF No. 11-38). The Nevada Supreme Court ruled on the claim that Romney failed to communicate the plea offer to him. Ex. 129 (ECF No. 11-44). This court also has examined the Nevada Supreme Court's decision in the post-conviction appeal in Case No. C281312, because Romney's performance was at issue in the district court's evidentiary hearing. Again, the Nevada Supreme Court ruled on the claim that Romney failed to communicate the plea offer to Cooper. None of these documents contain any mention of appellate counsel's performance. The two claims—Romney's communication of the plea agreement and Pandullo's lack of argument that Cooper actually accepted the plea agreement—are completely different in the people involved, the actions or lack of actions those people took, and the time of those actions. The claim about Romney's communication of the plea agreement thus fails to exhaust ground 1.

Cooper does allege in ground 1 that Romney failed to communicate the global plea agreement to him. However, the court assumes that he made this allegation to provide background information, because he alleges in much greater detail in ground 2 the claim that Romney failed to communicate the plea offer. Otherwise, ground 1 would be redundant to ground 2.

### B. Ground 3 Is Not Exhausted

In Ground 3, Cooper alleges that Romney provided ineffective assistance because she induced him to plead guilty by allowing him to believe that he would be eligible for placement in a minimum-security prison camp. The court agrees with respondents that Cooper has not exhausted this claim.

In the original motion to withdraw the guilty plea, Cooper did present the ineffective-assistance claim. He argued that Romney provided ineffective assistance by misstating Cooper's eligibility for camp. Ex. 39 (ECF No. 9-39).

After the state district court first denied the plea-withdrawal motion, Cooper appealed. In his opening brief on his first direct appeal, Cooper cited Strickland v. Washington, 466 U.S. 668 (1984), the leading case on ineffective assistance of counsel, but his argument contained no mention of Romney and her advice. Ex. 56 at 8-9 (ECF No. 10-16 at 15-16). The citation to Strickland was superfluous.

In reversing and remanding, the Nevada Supreme Court did not mention ineffective assistance of counsel. It held only that the district court should not deny the plea-withdrawal motion by finding that Cooper's plea was knowing, voluntary, and intelligent. Instead, the district court should consider whether any fair and just reason existed to allow Cooper to withdraw his plea. Ex. 64 (ECF No. 10-24).

When the state district court denied the plea-withdrawal motion a second time, the judge stated:

> The defendant claims essentially that it was firmly represented to him by his attorney that he would be eligible to do prison time in one of the Nevada Department of Corrections conservation camps . . . . That representation as to the attorney, though, is belied by the presentence plea agreement the defendant signed and the canvassing of the plea.

Ex. 69 at 8 (ECF No. 10-29 at 9). The state district court made no mention of the constitutional right to effective assistance of counsel. The judge's statement was one of several rulings that no fair and just reason to allow Cooper to withdraw his plea existed. See id. at 8-10 (ECF No. 10-29 at 9-11).

In the opening brief on the second direct appeal, Cooper argued that the district court erred in its holding because Romney made the misstatements during the plea canvass. Ex. 84 at 12-13, 18 (ECF No. 19-20, 25). However, Cooper did not state that Romney provided ineffective assistance, did not cite Strickland, and did nothing else to indicate that he was raising a federal constitutional claim. Instead, he was arguing that there was a fair and just reason to allow him to withdraw his plea, which is a matter of state law.

Then respondents addressed Cooper's ineffective-assistance claim, raised way back in the plea-withdrawal motion itself, in their answering brief on appeal. They noted that the Nevada

Supreme Court never had addressed the ineffective-assistance claim, and that the claim needed disposition. Ex. 86 at 8-11 (ECF No. 11-1 at 13-16).

The Nevada Supreme Court transferred the case to the Nevada Court of Appeals. Ex. 89 (ECF No. 11-4).

The Nevada Court of Appeals did not dispose of the ineffective-assistance claim. Ex. 91 (ECF No. 11-6). The Nevada Court of Appeals did not even mention Romney and any misstatements, just that Cooper asserted that he should have been allowed to withdraw his plea because he believed that he would be able to serve his prison term at a camp.

Setting aside for the moment respondents' answering brief, the court would conclude that Cooper has failed to exhaust ground 3. In no single filing with the Nevada Supreme Court did he clearly and explicitly argue that Romney provided ineffective assistance in violation of the Sixth Amendment because she misstated Cooper's eligibility for camp. The court would need to piece together citations and arguments from three different documents, one of which was filed in the state district court, not the Nevada Supreme Court, to create such a claim. That does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b).

The question then becomes, have <u>respondents</u> exhausted the claim by their own argument? The court thinks not. Exhaustion requires the <u>petitioner</u> to present a claim to the state's highest court. Respondents told the Nevada appellate courts that they thought an ineffective-assistance issue still was pending. However, at no point after the initial plea-withdrawal motion did Cooper clearly state that Romney provided ineffective assistance in violation of the Sixth Amendment by misstating Cooper's eligibility for camp. The Nevada Court of Appeals easily could have concluded that Cooper dropped the ineffective-assistance claim because he did not raise it in his final appeal; effectively, respondents were answering a question that Cooper no longer was asking. The court finds that ground 3 is not exhausted.

**C.    The Court Denies Cooper's Request for a Stay**

Cooper asks in the alternative for the court to stay this action while he exhausts his state-court remedies. ECF No. 15 at 6-8. Cooper must show "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in

9

intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). Cooper's argument fails on the second point, because grounds 1 and 3 have no potential merit.

Ground 1, again, is a claim that appellate counsel Michael Pandullo failed to argue on direct appeal that Cooper had accepted the first global plea offer and that the prosecution failed to honor the first global plea offer. However, the premise of this claim, that Cooper accepted the first global plea offer by performance when he abandoned his plea-withdrawal motion in Case No. C278067, is belied by the record. At the March 27, 2013 hearing in which Cooper abandoned his plea-withdrawal motion in that case, Cooper's attorney explicitly stated that Cooper was not accepting the first global plea offer. Ex. 26 at 2 (ECF No. 9-26 at 3). Pandullo would have had no reason to argue that Cooper had accepted the first global plea offer by performance when that supposed act of performance was accompanied by a statement that denied any additional significance to the act of performance. Ground 1 has no potential merit.

Ground 3, again, is a claim that trial counsel Romney provided ineffective assistance by misstating to Cooper his eligibility to be placed in a minimum-security conservation camp. At the November 4, 2013 change-of-plea hearing, the trial judge had an extensive colloquy with Cooper. Ex. 32 at 4-9 (ECF No. 9-32 at 5-10). The judge made certain that Cooper understood that placement in a conservation camp was not part of the plea agreement and that his classification as an inmate was beyond the control of the court, the prosecution, and the defense. Id. The colloquy culminated with the judge's warning to Cooper that if he was not placed in a camp, then Cooper could not argue that placement in the camp was the whole reason why he pleaded guilty. Id. at 9 (ECF No. 9-32 at 10). Cooper suffered no prejudice from any misstatements that Romney might have given, because by the end of the hearing he understood that there were no guarantees that he would be placed in a camp. Ground 3 has no potential merit.

Consequently, the court denies Cooper's request to stay this action while he returns to state court to exhaust grounds 1 and 3.

///

///

### D. Cooper Must Decide What to Do with the Unexhausted Grounds

The petition (ECF No. 6) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Cooper has two options. First, he may voluntarily dismiss the unexhausted grounds 1 and 3, and proceed with the remaining ground 2. Second, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1 and 3. If Cooper chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition.

## V. Conclusion

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 8) is **GRANTED**.

IT FURTHER IS ORDERED that petitioner will have 30 days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss grounds 1 and 3 of his petition (ECF No. 6), and proceed only on the remaining ground 2 for relief, or (2) inform this court in a sworn declaration that he wishes to dismiss his petition (ECF No. 6) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1 and 3 of his petition. These are the only two options that the court will consider. Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (ECF No. 6) and proceed on the remaining ground, respondents must file an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within 60 days after petitioner files his declaration dismissing those grounds. Petitioner will have 30 days from the date on which the answer is served to file and serve a reply.

DATED this 7th day of June, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE